UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ADRIAN RICHARD** | **CASE NO. 6:22-CV-03588** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **AEGIS SECURITY INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment Under Rule 56" (Doc. 28) wherein Defendant, Aegis Security Insurance Company ("Aegis") moves to dismiss Plaintiff's claims against it because Aegis did not have a policy in place covering Plaintiff's property at the time of the alleged loss.

## FACTUAL STATEMENT

On August 27, 2020, Hurricane Laura made landfall near Lake Charles, Louisiana and on October 9, 2020, Hurricane Delta made landfall near Lake Charles, Louisiana. Plaintiff alleges that both storms caused damage to his property. In his Complaint, Plaintiff alleges that Aegis issued a policy of insurance that provided coverage for the damage caused by the Hurricanes.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a

genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Aegis moves to dismiss the claims made against it because it did not issue a policy of insurance during the relevant time period.  In its opposition, Plaintiff, through counsel,

states that "he has no opposition to the pending Motion for Summary Judgment (Rec. No. 28). Plaintiff did not have a policy in force with the Defendant."[1] As such, Aegis's Motion will be granted.

## CONCLUSION

For the reasons explained herein, the Court will Grant the Motion for Summary Judgment and dismiss Plaintiff's claims against Defendant, Aegis, with prejudice.

**THUS DONE AND SIGNED** in Chambers this 16th day of November, 2023.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Doc. 30, p. 1.